IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARLOS ANTONIO TUCKER,<br><br>                    Petitioner,<br><br>     vs.<br><br>ROB JEFFREYS,<br><br>                    Respondent. | **8:23CV552**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Respondent's motion for summary judgment. Filing No. 17. Respondent filed the relevant state court records, Filing No. 18, a statement of undisputed material facts, Filing No. 19, and a brief in support, Filing No. 20. Petitioner Carlos Antonio Tucker ("Petitioner" or "Tucker") filed a brief in opposition to summary judgment. Filing No. 21. Respondent filed a Notice of Submission on February 19, 2025, and notified the Court that Respondent would not be filing a reply brief. Filing No. 22. Thus, this matter is fully submitted for disposition. For the reasons that follow, the Court will grant the summary judgment motion and dismiss the petition with prejudice.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The moving party bears the initial

---

[1] Rule 56 of the Federal Rules of Civil Procedure applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal

responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.*, 946 F.3d 420, 424 (8th Cir. 2019).

## II. UNDISPUTED MATERIAL FACTS

The following facts are taken from Respondent's statement of undisputed material facts, Filing No. 19, which Tucker does not dispute, *see* Filing No. 21, and the Court deems admitted for purposes of deciding the summary judgment motion. *See* NECivR 56.1(b)(1)(B) ("Properly referenced material facts in the

---

statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."). However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

movant's statement are considered admitted unless controverted in the opposing party's response." (emphasis omitted)).

1. On June 16, 2017, in the District Court of Lancaster County, Nebraska, a jury convicted Tucker of one count of first degree sexual assault of a child and two counts of incest – under 18 years of age. Filing No. 18-3 at 82.

2. On August 15, 2017, the state district court sentenced Tucker to consecutive prison sentences of 30 to 50 years for first degree sexual assault of a child and 10 to 20 years for each count of incest. *Id.* at 85–87.

3. On December 14, 2018, the Nebraska Supreme Court entered a published opinion affirming Tucker's convictions and sentences on direct appeal. Filing No. 18-1 at 4; *State v. Tucker*, 920 N.W.2d 680 (Neb. 2018).

4. On November 13, 2019, Tucker filed a motion for postconviction relief in the state district court, which was denied without an evidentiary hearing in a written order filed on June 3, 2020. Filing No. 18-5 at 2, 59–62. Tucker did not appeal that order. *See* Filing No. 1 at CM/ECF pp. 9–10.

5. On June 15, 2020, Tucker filed a motion for new trial based on newly discovered evidence in the state district court, which was ultimately denied in a written order filed on October 19, 2022. Filing No. 18-4 at 3, 28–29.

6. Tucker appealed, and on May 16, 2023, the Nebraska Court of Appeals affirmed the judgment in a Memorandum Web Opinion. Filing No. 18-2 at 4; *State v. Tucker*, No. A-22-809, 2023 WL 3474034 (Neb. Ct. App. May 16, 2023). The mandate issued on June 16, 2023. Filing No. 18-2 at 4.

7. Tucker filed this habeas petition on December 15, 2023. Filing No. 1.

### III. ANALYSIS

Respondent submits that Tucker's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). The Court agrees and will dismiss the petition with prejudice.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Tucker's state court judgment became final on March 14, 2019, which is ninety days after the Nebraska Supreme Court affirmed Tucker's convictions and sentences on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review

all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1). Accordingly, the one-year limitations period began to run from March 14, 2019.

The statute of limitations was tolled during the pendency of Tucker's state postconviction motion and motion for new trial proceedings. Tucker filed his postconviction motion on November 13, 2019, which means 244 days elapsed after the one-year statute of limitations period began running on March 14, 2019. While Tucker did not file an appeal of the denial of his postconviction motion, the Court agrees with Respondent that the tolling period should include the timeframe during which Tucker's motion for new trial was pending. *See* Filing No. 20 at 3. Tucker filed the motion for new trial prior to the expiration of the deadline for Tucker to file his postconviction appeal, *see* Neb. Rev. Stat. § 25-1912(1) (notice of appeal must be filed within 30 days after entry of judgment), so his motion for new trial proceedings essentially overlap with his postconviction motion proceedings and constitute one tolling period. As a result, the limitations period was tolled until June 16, 2023, when the Nebraska Court of Appeals issued its mandate on Tucker's motion for new trial appeal. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (state postconviction application "remains pending" until "the State's highest court has issued its mandate or denied review" and "the 1–year limitations period [is not tolled] during the pendency of a petition for certiorari"). Thus, the statute of limitations began to run again on June 16, 2023.

5

Because 244 days had already expired from the one-year limitations period, Tucker had 121 days remaining after the tolling period ended on June 16, 2023, to file his habeas petition, or, in other words, until October 16, 2023.[2] However, Tucker did not file his petition until, at the earliest, 174 days later on December 7, 2023.[3] Filing No. 1 at 15. In his brief, Tucker argues that his petition is not untimely because the 244 days between the conclusion of his direct appeal and the filing of his postconviction motion should not count against the one-year limitations period. Tucker contends "[t]he one year limitation did not start after Petitioner's direct appeal, [but rather] that started the one year period for the Post Conviction process," and Tucker had to necessarily exhaust his postconviction motion, motion for new trial, and subsequent appeal remedies before filing his habeas petition. Filing No. 21 at 2. Tucker's position clearly runs counter to Eighth Circuit law which establishes that "'the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'" *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)). As such, Tucker's argument fails and his habeas petition is clearly untimely under § 2244(d)(1)(A).

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has

---

[2] As Respondent notes, "[a]dding 121 days to June 16, 2023, results in an end date of Sunday, October 15, 2023. Thus, the deadline for Tucker to file a habeas petition was Monday, October 16, 2023." Filing No. 20 at 3 n.1.

[3] The Court has given Tucker the benefit of the prison mailbox rule in arriving at this figure and assumed his petition was filed on December 7, 2023, which is the date Tucker states he placed his petition in the prison mailing system. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), *abrogated on other grounds by Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (holding that, "for purposes of applying 28 U.S.C. § 2244(d), a pro se prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

6

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). In addition, in *McQuiggins v. Perkins*, 569 U.S. 383, 386 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception.

Here, Tucker has not presented any arguments to support the application of equitable tolling or the miscarriage of justice exception. The Court has carefully reviewed the petition and state court records and finds no reason to toll the limitations period or excuse its procedural bar. Thus, Tucker's habeas petition is barred as untimely and must be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court has applied the appropriate standard and determined that Tucker is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment, Filing No. 17, is granted.

2. Petitioner's habeas petition, Filing No. 1, is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The Court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 24th day of June, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge